IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fred Freeman, #235180, ) | |
| ) | CIVIL ACTION NO. 9:11-1205-DCN-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Derrick NLN, Director of Nursing, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights.

The Defendant filed a motion to dismiss pursuant to Rule 12 Fed.R.Civ.P., on June 27, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 28, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendant's motion on July 19, 2011.

Defendant's motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion to dismiss. As this is a
(continued...)



**Discussion**

Plaintiff alleges in his Verified Complaint that on May 15, 2008, he signed up to be seen in "sick call" on May 16, 2008. Plaintiff alleges that when he failed to receive an order to report for sick call, he requested the unit officer to call medical because he is an epileptic and was experiencing "unusual symptom[s]". Plaintiff alleges that the unit officer called and spoke with the Defendant Derrick, Director of Nursing, but that Derrick claimed that Plaintiff's name was not properly on the sick call list and told the unit officer that Plaintiff would have to wait three days before being seen. Plaintiff alleges that, as a result, he was not seen until May 19, 2008, even though Nurse Derrick was aware that he suffers from epilepsy as well as certain "physical injuries", which include spinal cord abnormalities as well as tear duct problems, in addition to his epilepsy. Plaintiff further alleges that an investigation conducted of this matter by the SCDC's general counsel's office "reveal that [Plaintiff] was denied emergency care." Plaintiff alleges that the Defendant Derrick was "fully aware" of his medical problems and of his need for emergency care, but that Plaintiff required him to wait three days before being seen, causing him to experience pain and suffering. Plaintiff has attached to his complaint copies of various grievance forms and documents from an appeal to the South Carolina Administrative Law Court. See generally, Plaintiff's Complaint with attached Exhibits.

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state

---

[1](...continued)
dispositive motion, this Report and Recommendation is entered for review by the Court.



2

a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Defendant asserts in her Rule 12 motion that this action should be dismissed because Plaintiff's § 1983 claim is time barred under the applicable three year statute of limitations, and that to the extent Plaintiff is asserting a state law claim for medical malpractice, that claim is time barred under the applicable two year statue of limitations. Specifically, Defendant argues that the alleged conduct Plaintiff complains of occurred on May 16, 2008, and that his three year statute of limitations therefore expired on May 16, 2011, with his two year statute of limitations having expired on May 16, 2010. After careful review and consideration of the filings in this case and the arguments presented, the undersigned finds and concludes that the Defendant is entitled to relief from any state law claim being asserted, but is not entitled to relief from Plaintiff's federal claim asserted under 42 U.S.C. § 1983.

In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a prisoner's pleading is deemed to have been filed at the moment of delivery to prison authorities for forwarding to the District Court. Here, Plaintiff's Complaint is dated May 13, 2011, and the envelope containing Plaintiff's pleading is clearly stamped as having been received in the prison mail room on May 16, 2011. Hence, Plaintiff's Complaint was timely submitted for purposes of pursuing a claim under § 1983, as it met the filing deadline for the applicable three year statute of limitations for a § 1983 claim. See Wilson v. Garcia, 471 U.S. 261 (1985)[Statute of limitations for filing § 1983 claim is based on state law statute of limitations for personal injuries.]; S.C. Code Ann. § 15-3-530(5)[Statute of limitations for personal injury actions in South Carolina is three years]; see also Huffman v. Tuten, 446 F.Supp.2d 455 (D.S.C. 2006). Defendant's motion to dismiss Plaintiff's § 1983 claim must therefore be denied.

As for any state law claims, it does not appear to the undersigned from a plain reading

3



of the allegations of Plaintiff's Complaint (or the arguments in Plaintiff's response memorandum) that he has intended to assert a separate state law medical malpractice claim under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, et. seq. In any event, to the extent Plaintiff has intended to assert such a claim, the Defendant is correct that this claim is subject to a two year statute of limitations. See S.C. Code Ann. § 15-78-10. Therefore, the statute of limitations for such a state law cause of action expired on May 16, 2010, and to the extent Plaintiff has intended to assert such a claim, it is subject to dismissal.

## Conclusion

Based on the forgoing, it is recommended that, to the extent Plaintiff has intended to assert a state law claim for medical malpractice under the South Carolina Tort Claims Act, that that claim be **dismissed** for having been filed outside the applicable statute of limitations. With respect to Plaintiff's claim asserted under 42 U.S.C. § 1983, the Defendant's motion to dismiss should be **denied.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 17, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

